### CLAYPOOL v. MILLER.

If the defendant, on being examined as a witness before arbitrators in a suit referred by a justice, state that he has no knowledge respecting a particular item in the account sued for,—he does not thereby admit the correctness of that part of the account.

Whether an arbitrator is a competent witness in support of a motion to set aside an award,—*quære.*

Awards before justices of the peace may be set aside by the Circuit Court for mistakes of the arbitrators in matters of law; and such mistakes may be proved, under the statute, by extrinsic evidence.

ERROR to the *Fayette* Circuit Court.

BLACKFORD, J.—*Miller* sued *Claypool* in an action of assumpsit before a justice of the peace.   The cause of action was a physician's account for medicine and attendance.   The defendant denied, by plea, the greater part of the account.   The cause was referred to arbitration; the arbitrators rendered an award in favour of the plaintiff; and the justice entered a judgment upon the award.   The defendant appealed to the Circuit Court.   A motion to set aside the award was made in the Circuit Court by the defendant; but the motion was overruled, and a judgment rendered for the plaintiff.

It appears that the defendant, being examined as a witness before the arbitrators, had there stated that he had no knowledge respecting most of the charges in the plaintiff's account, and that he could not, therefore, either admit or deny them. It further appears, that the arbitrators considered this answer of the defendant as an admission, at law, that those charges were correct.   It was for this mistake of the arbitrators respecting the law, that the motion to set aside the award was made in the Circuit Court.

The motion ought to have prevailed.   *Claypool* was in the same situation with the other witnesses for the plaintiff.   He could only answer to the best of his knowledge.   That part of

the plaintiff's account, which the defendant said he knew nothing about, could not be recovered without the introduction of other testimony.

The record shows, that one of the arbitrators was sworn as a witness for the defendant, to support the motion to set aside the award. No objection was made to this witness in the Circuit Court, and the question respecting his competency is not therefore before us (1).

The defendant in error contends, that the objection made to the award in this case ought not to be sustained, because the objection does not appear on the face of the award. He relies, for this position, on the *English* law. That law, it is believed, is as the defendant in error states it; but the law with us must be considered otherwise. Our statute expressly says, that awards before justices of the peace may be set aside for mistakes of the arbitrators in matters of law (2). This provision would be almost a dead letter, if such mistakes could not be shown by extrinsic evidence, because awards very rarely show the grounds upon which they are founded. The party's right to the benefit of this statutory provision, ought not to depend upon the form in which the arbitrators choose to draw the award.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*C. B. Smith* and *O. H. Smith*, for the plaintiff.
*J. Perry*, for the defendant.

(1) *Vide Ellis* v. *Saltau*, cited in a note to *Johnson* v. *Durant*, 4 Carr. & P. 327.—*Martin* v. *Thornton*, 4 Esp. R. 180.—*Woodbury* v. *Northy*, 3 Greenl. R. 85.
(2) Accord. Rev. Stat. 1838, p. 371.